```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION


MISSISSIPPI VALLEY TITLE
INSURANCE COMPANY                                    PLAINTIFF

RICHARD LINGLE                             PLAINTIFF-INTERVENOR

VS.                             CIVIL ACTION NO. 4:06CV79LS

JONATHAN WADE LEWIS                                  DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

Previously in this cause, on June 21, 2006, plaintiff Mississippi Valley Title Insurance Company (MVTIC) filed a motion to compel arbitration.[1] On July 18, 2006, after receiving no response to the motion from defendant Jonathan Wade Lewis, the court entered an order granting the motion.[2] At that time, as reflected on the court's docket, the case was administratively

---

[1] MVTIC and Old Republic National Title Insurance Company jointly issued a policy of title insurance to Lewis in connection with his purchase of certain real property. Upon Lewis's subsequent attempt to sell the property, it was discovered that the MVTIC attorney who prepared the title opinion had failed to discover a lien against the property. The sale fell through, allegedly due to the cloud created by the lien, and Lewis filed suit against MVTIC in Hinds County Circuit Court asserting claims for intentional interference with advantageous financial position; bad faith insurance practices; estoppel and detrimental reliance; negligent, gross negligent and wanton failure to monitor and train agent; economic duress; overreaching and undue influence. MVTIC contended Lewis was bound to arbitrate his claims pursuant to an arbitration provision included in Lewis's title policy. Upon Lewis's refusal to voluntarily arbitrate, MVTIC filed this action to compel arbitration.

[2] Lewis's response to the motion was due on or before July 10, 2006, and yet that date came and went with no response, nor request for an extension of time to respond.

closed.  Two days later, on July 20, Lewis, apparently unaware of the court's order granting MVTIC's motion, filed a motion to dismiss the complaint to compel arbitration for lack of subject matter jurisdiction.  On August 2, MVTIC moved to strike Lewis's motion to dismiss as untimely, with an alternative response to the motion.  The following day, Lewis moved to set aside the court's order compelling arbitration contending there was never a signed arbitration agreement by which he agreed to arbitrate his claims against MVTIC.

In the meantime, upon realizing there had been a motion by Richard Lingle to intervene pending at the time the order compelling arbitration was entered, the magistrate judge's office reopened the case for the purpose of granting the motion to intervene and then re-closed the case.  Later the same day, however, the clerk's office reopened the case, and on August 1, his motion to intervene having been granted and the case having been reopened, Richard Lingle filed a motion to alter or amend judgment to grant him the same relief granted to MVTIC, namely, an order compelling arbitration of Lewis's claims against him and a stay of the pending state court action.  Thus, currently pending before the court are (1) Lewis's motion to dismiss; (2) Lewis's motion to set aside the order compelling arbitration; (3) MVTIC's motion to strike Lewis's motion to dismiss; and (4) Lingle's

motion to alter or amend to compel arbitration of Lewis's claims against him.

In his motion to dismiss, Lewis argues that (1) the court lacks subject matter jurisdiction since Lewis is a Mississippi resident and both defendants are citizens of Mississippi, so that diversity of citizenship is lacking; (2) defendant has not shown there is a signed lawful agreement to arbitrate; (3) the purported arbitration agreement does not comply with Mississippi laws governing insurance companies and the McCarran-Ferguson Act prohibits application of the FAA by reverse preemption. Lewis makes similar arguments in his separately-filed motion to set aside the court's order compelling arbitration.

In its motion to strike Lewis's motion to dismiss, MVTIC points out that Lewis's counsel failed to timely answer the complaint and failed to timely respond to the motion to compel arbitration. MVTIC further maintains that this court has subject matter jurisdiction, as the parties are in fact of diverse citizenship. Finally, it contends that Lewis has identified no valid basis for setting aside the court's order compelling arbitration.

Although Lewis asserts that he is a resident of Mississippi, it is undisputed that he filed an affidavit in his state court suit stating that his address is 10242 Crescent Meadow Blvd., Parker, Colorado, and that he was served with process in this

3

action at his Colorado address.  Thus, at the time MVTIC's complaint was filed, Lewis was a resident of Colorado, and hence, was presumably a citizen of Colorado.  See Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966) (person is presumed to be citizen of state where he resides); Emmett v. Strawn, 2005 WL 2206162 (S.D. Tex. 2005) (stating that "[f]or purposes of determining diversity, a person's current residence is assumed to be his domicile until proven otherwise").  The court thus rejects Lewis's claim that the court lacks subject matter jurisdiction.

As for MVTIC's argument regarding the untimeliness of Lewis's motion, Lewis's counsel claims he had an agreement with MVTIC's counsel allowing him additional time to respond to the motion to compel arbitration (which he eventually did by moving to dismiss) and that he neglected to inform the court of this agreement; and that while he still did not file his response within the time to which MVTIC had agreed, he was impeded in his efforts to timely file his motion due to problems with the court's new electronic filing system and the fact that he was in Washington spending summer visitation with his daughter.[3]  In rebuttal, MVTIC declares that it only agreed to allow Lewis until July 12, 2006 to file his response/motion, and points out that Lewis's counsel never

---

[3] Lewis's motion for relief from judgment makes essentially the same arguments as are in his motion to dismiss.

requested an extension of time of either MVTIC or the court beyond that date.

The court is not sympathetic to Lewis's position. His response to the motion to compel arbitration was due on or before July 10. He may have secured an agreement of counsel opposite for additional time, but what counsel opposite may have agreed to is beside the point. The fact is, Lewis's counsel never requested an extension of time from this court. Moreover, Lewis did not file his response within the time agreed by MVTIC's counsel, and even if he and his staff had difficulties with the court's electronic filing system, it is doubtful it would have take more than a week to resolve or get around those problems, particularly when there are alternative means of filing in such circumstances (i.e., conventional paper filing). There was nothing that would have prevented Lewis's counsel's requesting the court to permit him additional time to file his response, and yet he failed to do this. Under the circumstances, the court is of the opinion that the motion to strike is well taken.

However, even were the court inclined to consider Lewis's arguments in support of his motion (which are the same arguments as in his motion for relief from order), the court is not persuaded that he is entitled to relief from the order compelling arbitration. Lewis argues that he cannot be compelled to arbitrate because there is no signed arbitration agreement and

that the arbitration agreement is simply included as a provision in the title insurance policy issued by MVTIC.

The policy containing the arbitration provision was issued and provided to Lewis at the time of the closing on his purchase of the insured property on January 21, 2003, and was retained by Lewis (directly or through his attorney) over the years without objection to any of its terms, including the arbitration provision. In the court's opinion, the fact that Lewis did not sign the policy, or the arbitration agreement in particular, does not preclude enforcement of the arbitration agreement. See Imperial Sav. Ass'n v. Lewis, 730 F. Supp. 1068, 1073 (D. Utah 1990) (insured's receipt and retention of title insurance policy for over eleven months without objection "constitutes an acceptance of the Policy, including the arbitration provision"); see also Watts v. Horace Mann Life Ins. Co., 2006 WL 2948071, 4 (Miss. Ct. App. 2006) ("[W]hether an insured reads the entire insurance policy, the 'knowledge of its contents would be imputed to them as a matter of law.'") (citations omitted); Hutton v. American General Life & Acc. Ins. Co., 909 So. 2d 87, 95 (Miss. Ct. App. 2005) ("A party has a duty to read an insurance contract and knowledge of the contract's terms will be imputed to the party even if she does not read it.").

Moreover, among the theories the Fifth Circuit has recognized for binding a nonsignatory to an arbitration agreement is

6

equitable estoppel, see Hellenic Investment Fund, Inc. v. Det Norske Veritas, 464 F.3d 514, 517 (5th Cir. 2006), a principle which the court has summarized as follows:

> In the arbitration context, the doctrine [of estoppel] recognizes that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him.  To allow [a plaintiff] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act.

Washington Mut. Finance Group, LLC v. Bailey, 364 F.3d 260, 268 (5th Cir. 2004) (quoting International Paper Co., 206 F.3d at 418 (citations and quotations omitted); id. (further stating, "the doctrine of estoppel prevents a party from 'having it both ways,'" so that a party may not "su[e] based upon one part of a transaction that [he] says grants [him] rights while simultaneously attempting to avoid other parts of the same transaction that [he] views as a burden–namely, the arbitration agreement").  Equitable estoppel may fairly be applied here.

Plaintiff further argues that state laws which invalidate the subject arbitration agreement reverse preempt the FAA pursuant to the McCarran-Ferguson Act.  His position is without merit.  The McCarran-Ferguson Act provides in pertinent part that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates

7

to the business of insurance." 15 U.S.C. § 1012(b). In <u>American Heritage Life Insurance Co. v. Orr</u>, the Fifth Circuit made clear that the McCarran-Ferguson Act "bars application of the FAA to insurance contracts <u>only</u> in the context of a state <u>statute</u> evincing the same, not mere policy statements of state officials or administrative rule interpretations of governmental entities." 294 F.3d 702, 708-09 (5th Cir. 2002) (emphasis added). Here, as in <u>Orr</u>, plaintiff tries "to perpetrate a judicial end-run by asserting that an . . . insurance department's regulatory, administrative policy is the functional equivalent of a state law relating to insurance, thereby triggering the provisions of the Act." <u>Id</u>. As in <u>Orr</u>, his arguments are without merit. For the foregoing reasons, the court concludes that Lewis's motion to set aside the court's order compelling arbitration in favor of MVTIC should be denied.

    The court further concludes that Lingle's motion to compel arbitration of Lewis's claims against him should be granted. In this case, liability is sought to be imposed on MVTIC based on the acts and/or omissions of its agent, Lingle, and joint and several liability is sought to be imposed against MVTIC and Lingle. Though not a party to the arbitration agreement, Lingle may compel arbitration under an equitable estoppel theory inasmuch as Lewis "raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the

signatories (parties) to the contract." <u>Grigson v. Creative Artists Agency, LLC</u>, 210 F.3d 524 (5th Cir. 2000).

Accordingly, it is ordered that MVTIC's motion to strike is granted; Lewis's motion to dismiss is denied; Lewis's motion for relief from order is denied; and Lingle's motion to alter or amend is granted.

SO ORDERED this 12th day of December, 2006.

<u>/s/ Tom S. Lee</u>
UNITED STATES DISTRICT JUDGE

9